## George H. Kirk, Defendant in Error, v. W. L. Hoffman Co., Plaintiff in Error.

### Gen. No. 15,438.

MUNICIPAL COURT—*when nothing presented for review.* If the bill of exceptions does not set out the evidence and does not contain any findings of fact there is nothing which is presented which will enable the Appellate Court to determine whether the trial court correctly applied the law, and an affirmance will be entered, no other rulings being complained of.

Error to the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 13, 1911.

W. J. LAVERY, for plaintiff in error.

J. S. DUDLEY, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

This was a suit brought to recover a balance claimed to be due on a contract for the installation of a heating plant and extras in connection therewith. The cause was submitted to the court, who found for the plaintiff and entered judgment for $89.

The bill of exceptions recites the contract and certain facts, and as to the particular matters in controversy recites, "the defendant introduced testimony tending to show" the boiler smoked, etc., etc.; that "the plaintiff also contended and introduced testimony tending to show" the boiler was set under directions of the defendant and pursuant to ordinances of the city of Chicago, etc., etc. It is not a statement of what the evidence was so that this court can say what was proved or not proved.

It is certified that "the court finds as a matter of law that there was a substantial compliance by the plaintiff with the said contract." Whether or not the

plaintiff performed his contract was a question of fact. Whether the "extras" were furnished by the plaintiff in the performance of his contract, or were ordered by the defendant so as to become liable therefor, and as to the damages claimed by the defendant, we are not able to determine from the record. As to these questions in controversy there is no finding of fact by the court whereby we can say that the court erred in the application of the law thereto.

The judgment is affirmed.

*Affirmed.*